PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 GMC Yukon struck a hole while Mark Angelucci was driving on W.Va. Route 91 in Farmington, Marion County. W.Va. Route 91 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
*237 The incident giving rise to this claim occurred on April 24, 2007. The speed limit on W.Va. Route 91 is twenty-five miles per hour. At the time of the incident, Mr. Angelucci was traveling north on W.Va. Route 91 towards Farmington. As he was driving at approximately twenty-five miles per hour, his vehicle struck a hole in the road. The hole was located approximately three or four feet into the roadway towards the right side of the road and was approximately two feet long and twelve inches wide. The hole was covered with water when the incident occurred. Claimants live approximately 1.25 miles from this area, and Mr. Angelucci stated that he travels this road often. As a result of this incident, claimants’ vehicle sustained damage to the passenger side tire and rim. The estimate for the replacement of the tire amounts to $308.00, but claimants have been unable to find a replacement custom rim for their vehicle. Claimants’ insurance deductible at the of the incident was $250.00. Thus, claimants’ recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 91. The respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $250.00.
Award of $250.00.